IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:14-cr-00141-GHD-SAA-15

ERIC GLENN PARKER                                                   DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT ERIC GLENN PARKER'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Presently before the Court is Defendant Eric Glenn Parker's motion to dismiss for lack of jurisdiction [320]. The Government has filed a response in opposition. The matter is now ripe for review. Upon due consideration and for the reasons set forth below, the Court finds that the motion to dismiss must be denied.

On April 23, 2015, Defendant Parker was charged in Counts 1, 2, and 4 of a superseding indictment [203] of conspiracy to participate in racketeering activity, conspiracy to possess with intent to distribute methamphetamine, and the murder of Michael James Hudson. On June 5, 2015, Defendant Parker was arraigned and a detention hearing was held. Following those proceedings, the Court entered a detention Order pending trial [279]. While awaiting trial, Defendant Parker filed the present motion to dismiss for lack of jurisdiction [320].

Defendant Parker argues in the present motion that this Court should dismiss the case against him and lift the previous Order of detention [279], because the Court has neither personal jurisdiction over him nor subject-matter jurisdiction over his case. He cites to the transcript of the detention hearing held on June 5, 2015, and specifically to the testimony of the FBI agent testifying on behalf of the Government. Defendant Parker maintains the FBI agent testified that he "did not have any evidence of any crimes committed by [Defendant] Parker in the Northern

1

District of Mississippi" and that the statement was "an admission by the Government that the alleged crimes set forth in the indictment against [Defendant] Parker[] cannot be heard by a [c]ourt in the Northern District of Mississippi." Def. Parker's Mot. Dismiss [320] ¶¶ 2–3. Defendant Parker maintains that "the offenses must be tried in the district where the offenses occurred" and that "[e]ven in the light most favorable to the Government, the offenses alleged against [Defendant] Parker in the [superseding] indictment must be tried in the Southern District of Mississippi." *Id.* ¶ 4. He cites the following authorities in support of his motion: Rules 12(b)(3)(B) and 18 of the Federal Rules of Criminal Procedure; the Sixth Amendment of the United States Constitution; and 28 U.S.C. §§ 1393 and 1441.

The Government argues in response, *inter alia*, that the Court should deny Defendant Parker's motion to dismiss, because Counts 1, 2, and 4 of the superseding indictment are properly charged in the Northern District of Mississippi. The Government specifically maintains that Count 1, a charge of conspiracy to violate RICO, includes allegations that the racketeering enterprise operated in the State of Mississippi, including the Northern District of Mississippi, since at least January 2009, and that overt acts in furtherance of the conspiracy were committed by Defendants, some of which acts occurred in the Northern District of Mississippi. *See* Superseding Indictment [203] ¶¶ 1–8. The Government further maintains that Count 2, a charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, is an act that took place at least in part in the Northern District of Mississippi. The Government also maintains that Count 4 charges Defendants with the Violent Crime in Aid of Racketeering murder of Michael James Hudson in violation of 18 U.S.C. §§ 1959(a)(1) and (2). The Government states that the superseding indictment sets forth the elements of the charged offenses and adequately informs Defendant Parker of the charges filed against him.

The Court finds that the Government's arguments are well taken and that Defendant Parker's motion to dismiss must be denied. As the Government urges, the crux of Defendant Parker's argument is that the counts charged against Defendant Parker occurred in the Southern District and could only be tried there. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and <u>district wherein the crime shall have been committed</u> . . . ." U.S. Const. amend. VI (emphasis added). Rule 18 of the Federal Rules of Criminal Procedure provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. <u>The court must set the place of trial within the district</u> with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18 (emphasis added). However, 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by an enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

The superseding indictment charges that Defendant Parker, and others, were members of the Aryan Brotherhood, a RICO enterprise, and that the Aryan Brotherhood committed racketeering activity in both the Northern and Southern Districts of Mississippi. Because the overt acts charged were committed as part of an alleged RICO conspiracy which took place in the Northern and Southern Districts of Mississippi, Defendant Parker can be tried in either the Northern District or Southern District of Mississippi.[1] *See United States v. Davis*, 666 F.2d 195,

---

[1] The other authorities cited by Defendant Parker do not support his argument for dismissal of the case against him. He cites to 28 U.S.C. § 1393, which concerned the venue of district courts and was repealed by the United States Congress. *See* Act Nov. 19, 1988, Pub. Law 100–702, Title X § 1001(a), 102 Stat. 4664. Defendant Parker also cites to 28 U.S.C. § 1441, which concerns the removal of actions from state court and does not pertain to

3

199 (5th Cir. 1982) ("Conspiracy, possession with intent to distribute methaqualone[,] and traveling in interstate commerce to carry on an unlawful business enterprise involving possession with intent to distribute methaqualone are continuing offenses which under 18 U.S.C. § 3237 may be tried in any district in which the crime took place."); *United States v. Cooper*, 606 F.2d 96, 97 (5th Cir. 1979), *cert. denied*, 444 U.S. 1024, 100 S. Ct. 685, 62 L. Ed. 2d 657 (1980) ("A conspiracy may be 'committed' in the constitutional sense in a number of places, particularly when it continues over a period of time and is pursued by overt acts in a number of places."). "[T]he prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense. . . . Further, there need not be direct proof of venue where circumstantial evidence in the record as a whole supports the inference that the crime was committed in the district where venue was laid." *United States v. Turner*, 586 F.2d 395, 397 (5th Cir. 1978), *cert. denied*, 440 U.S. 926, 99 S. Ct. 1258, 59 L. Ed. 2d 480 (1979). "If the Government shows by a preponderance of the evidence that the crime was committed in the trial district, both territorial jurisdiction and proper venue are established." *United States v. White*, 611 F.2d 531, 535 (5th Cir. 1980). Because the Government has shown that the crimes charged were committed in part in the Northern District of Mississippi, Defendant Parker's motion is not well taken.

Finally, the Court notes that pursuant to Defendant Parker's request, the Court reviewed the audio recording of Defendant Parker's detention hearing. During that hearing, the Government's witness, FBI agent Jeremy Burchfield, testified that Defendant Parker served as the Aryan Brotherhood's state captain of the Southern District and that the murder of Michael Hudson took place in the Southern District of Mississippi; Burchfield also testified that nothing

---

the case *sub judice*. Finally, he cites to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, but does not set forth how it applies to this case.

specifically links Defendant Parker to the Northern District. Detention Hr'g Tr. at 6:20–23, 17:46, 18:36–40, June 5, 2015. However, Burchfield further testified that according to his investigation, the Aryan Brotherhood of Mississippi is a state-wide enterprise committing predicate acts all over the state. *Id.* at 4:53, 6:13–15, 17:50–51, 18:28–33. Therefore, Burchfield's testimony in the detention hearing does not alter the conclusion of the Court.

For all of the foregoing reasons, Defendant Eric Glenn Parker's motion to dismiss for lack of jurisdiction [320] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 2nd day of September, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE