IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:14-cr-00141-GHD-SAA-15

ERIC GLENN PARKER

**MEMORANDUM OPINION DENYING
DEFENDANT ERIC GLENN PARKER'S MOTION TO SEVER**

Presently before the Court is a request for severance which was included as part of a motion to continue filed by Defendant Eric Glenn Parker [345]. Although the Court has already ruled on the continuance request, *see* Ct.'s Order Granting Defs.' Mots. Continue Trial & for Pretrial Conf. [366], the Court reserved ruling on the severance issue raised by Defendant Parker until such time as the Government filed a response on the issue. The Government has now filed a response [363]. The matter is ripe for review, and upon due consideration, the Court finds that Defendant Parker's request for severance must be denied.

Defendant Parker argues that the Court should sever his case pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure because he is prejudiced by the projected three-to-four week trial that will "largely have nothing to do with Mr. Parker, until the last week of trial" and "Mr. Parker will be forced to sit through an entire month of trial next to co-defendant Frankie Owen[s] who[m] Mr. Parker has been told to put a [kill-on-sight order] on his head"; "[s]itting next to a co-defendant who has put a kill order on you is the most extreme prejudice that exists in a trial."

The Government argues in response that the joinder of the Defendants in this case was proper pursuant to Rule 8 of the Federal Rules of Criminal Procedure because the Defendants

1

"are alleged to have participated in the same act or transactions constituting an offense or offenses," namely a RICO enterprise dating back to 2009 and involving a wide-ranging list of criminal activities. The Government maintains that in the context of RICO the requirements of Rule 8(b) are satisfied simply by establishing the existence of an enterprise and by showing that each Defendant participated in the same enterprise through the commission of the charged racketeering acts. *See United States v. Welch*, 656 F.2d 1039, 1052 (5th Cir. 1981). The Government further argues that severance is only appropriate if it appears to the Court in its discretion that a defendant or the Government is prejudiced by a joinder of defendants. *See* Fed. R. Crim P. 14. The Government maintains that in this case it is unremarkable that Defendant Parker feels threatened, since a standard operating procedure of the alleged RICO enterprise in this case is to threaten individuals. Consequently, the Government maintains that Defendant Parker has failed to meet the heavy burden required to demonstrate prejudice in this matter and his severance request should thus be denied.

The Court finds the Government's arguments to be well taken and further finds as follows. The Fifth Circuit has stated: "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993) (internal quotation marks omitted)). Further, "[i]t is the rule, . . . , not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *Id.* (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)). Although "the Federal Rules of Criminal Procedure recognize that circumstances may be presented where the prejudice to a defendant from joinder with a co-defendant(s) in a

joint trial overrules the interest in judicial economy," *id.* at 821–22, those circumstances are not present in this case. "[W]here the indictment alleges a single conspiracy and the evidence established each defendant's participation in at least one conspiracy[,] a defendant's substantial rights are affected only if the defendant can establish reversible error under general principles of joinder and severance." *United States v. Mitchell*, 484 F.3d 762, 770–71 (5th Cir. 2007).

In the case *sub judice*, Defendant Parker is charged with essentially the same offenses as the other Defendants; he is specifically charged in Counts 1, 2, and 4 of the superseding indictment with conspiracy to participate in racketeering activity, conspiracy to possess with intent to distribute methamphetamine, and the murder of Michael James Hudson. The superseding indictment charges that Defendant Parker was a state captain of the Aryan Brotherhood for the Southern District of Mississippi chapter and was a key member of the acts charged that form the backbone of the entire case. Severance is not warranted.

For all of the foregoing reasons, Defendant Eric Glenn Parker's request for severance contained in his motion to continue [345] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 9a day of September, 2015.

_____
SENIOR U.S. DISTRICT JUDGE