IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 4:14-cr-00141-GHD-SAA-15

ERIC GLENN PARKER                                          DEFENDANT

<u>MEMORANDUM OPINION DENYING DEFENDANT ERIC GLENN PARKER'S
MOTIONS FOR EXPEDITED PSYCHOLOGICAL EVALUATION</u>

Defendant Eric Glenn Parker has filed a motion for expedited psychological evaluation [453] and ex parte amended motion for expedited psychological evaluation [455] pursuant to 18 U.S.C. §§ 1841 *et seq.* and 18 U.S.C. § 3006A "to determine if he suffers from <u>any mental disease or if he lacks capacity or competency to understand trial preparation or trial participation</u>" (emphasis in original). The Government has filed a response in opposition to the motion. On March 7, 2016, the Court held a hearing on the motion and denied the motion based on the following reasoning.

The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial. *See Ryan v. Gonzales*, — U.S. —, 133 S. Ct. 696, 703, 184 L. Ed. 2d 528 (2013) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996); *Medina v. California*, 505 U.S. 437, 453, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992); *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)). "That due process right is implemented by the further due process right, announced in *Pate v. Robinson*, to a hearing on the competency issue when facts or events at trial raise a bona fide doubt as to the defendant's competency." *Pedrero v. Wainwright*, 590 F.2d 1383, 1387 (5th Cir. 1979). There are "no fixed or immutable signs which invariably indicate the need for further inquiry to

1

determine fitness to proceed; the question is a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope*, 420 U.S. at 180, 95 S. Ct. 896. "There is no specific threshold or 'quantum of evidence' that requires the district court to order a competency hearing." *United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (citing *Davis v. Alabama*, 545 F.2d 460, 464 (5th Cir. 1977)). The trial judge . . . will often prove best able to make more fine-tuned mental capacity decisions, tailored to the particular defendant's individualized circumstances." *Indiana v. Edwards*, 554 U.S. 164, 177, 128 S. Ct. 2379, 171 L. Ed. 2d 345 (2008); *see Mitchell*, 709 F.3d at 440.

The Fifth Circuit has stated:

> A defendant has a right to a competency hearing if " 'the trial judge receive[s] information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competency and alerted [the trial judge] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense.' "

*United States v. Moghaddam*, 299 F. App'x 418, 419–20 (5th Cir. 2008) (per curiam) (quoting *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1987) (quoting *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980))). In determining whether to order a mental competency exam or hearing, the Court considers three factors: "(1) the existence of a history of irrational behavior, (2) the defendant's demeanor at trial, and (3) prior medical opinion on competency." *See United States v. Fields*, 761 F.3d 443, 468 (5th Cir. 2014), *as revised* (Sept. 2, 2014), *cert. denied*, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (quoting *United States v. Flores-Martinez*, 677 F.3d 699, 706–07 (5th Cir. 2012) (quoting *United States v. Ruston*, 565 F.3d 892, 902 (5th Cir. 2009)). *Accord Moghaddam*, 299 F. App'x at 419–20; *Enriquez v. Procunier*, 752 F.2d 111, 113-14 (5th Cir. 1984). "Although all three factors are 'relevant in determining whether further inquiry is required,' under certain circumstances, 'even one of these factors standing alone' may be

sufficient." *Flores-Martinez*, 677 F.3d at 707 (quoting *Ruston*, 565 F.3d at 902 (citation omitted)).

In the case *sub judice*, Defendant Parker's counsel argues that a competency evaluation is warranted because his client attempted suicide by hanging himself with a belt, and "[a]s a result of this suicide attempt, undersigned questions the mental competence of [Defendant Parker]" and "cannot currently provide an adequate defense without knowing [Defendant] Parker's mental status." In the hearing on the motion, Defendant Parker's counsel made references to a past suicide attempt involving an overdose of medication and to statements made by Defendant Parker to his counsel that he was depressed and did not want to live. Counsel further pointed to the fact that Defendant Parker was on suicide watch for a certain time period. However, defense counsel did not call any witnesses or introduce any evidence at the hearing in support of his position.

The Government argues in response that a competency evaluation is not warranted because Defendant Parker was lucid and understood the charges against him and the nature of the proceedings during a February 9, 2016 conference among the Government attorneys and defense counsel. The Government maintains that Defendant Parker's family member contacted the United States Marshals Service about a telephone call with Defendant Parker wherein he made references to committing suicide. The Government further maintains that the United States Marshals Service subsequently contacted the correctional facility where Defendant Parker was housed and that the facility investigated the situation and noticed that Defendant Parker had light red marks on his skin and that Defendant Parker indicated he had previously wrapped something around his neck. The Government states that Defendant Parker was put on suicide watch following the incident, and that since that time, has communicated with jail officials and

3

indicated he is fine and not suicidal. At the hearing on the motion, the Government called two witnesses and introduced the report of the Panola County Jail's contract physician, William C. Haire, D.O., stating that Defendant Parker denied suicidal plans and should be removed from suicide watch.

Nowhere in the motion or in the hearing did defense counsel allege facts suggesting that Defendant Parker was "unable to understand the proceedings against him or assist in his defense." *See United States v. Guadarrama*, 570 F. App'x 365, 366 (5th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 199, 190 L. Ed. 2d 153 (2014). Nor does anything in the record suggest that Defendant Parker would be unable to understand the proceedings against him or assist in his defense. *See id.* Furthermore, defense counsel did not provide any prior medical opinion that Defendant Parker was unable to understand the proceedings or participate in his defense. *See id.* Dr. Haire's note at most suggests that Defendant Parker had some depression and anxiety. Even "mental illness is not dispositive of incompetence." *See Mitchell*, 709 F.3d at 441; *accord United States v. Lang*, 447 F. App'x 552, 2011 WL 5103762, at *1 (5th Cir. 2011) (per curiam). Although defense counsel made references to possible suicide attempts by Defendant Parker, "a suicide attempt, by itself, is not necessarily sufficient to create 'reasonable cause' for a competency hearing. Instead, that evidence must be weighed in conjunction with all other evidence presented with respect to a defendant's mental stability and competence." *See Mata v. Johnson*, 210 F.3d 324, 330 (5th Cir. 2000) (quoting *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995), *cert. denied*, 516 U.S. 1135, 116 S. Ct. 961 (1996)). *See Bradberry v. Johnson*, 212 F.3d 595 (5th Cir. 2000) (past suicide attempt and diagnosis of continuing suicidal tendencies not negation of defendant's legal competency); *Davis*, 61 F.3d at 304 (attempted suicide standing alone was insufficient to create sufficient doubt of competence to stand trial).

Finally, the Court observed Defendant Parker's demeanor at the hearing and found that he showed basic awareness and understanding of the proceedings. *See id.* In this case, the Court "was not presented with reasonable cause to doubt either [Defendant Parker's] understanding of the proceedings or his ability to assist in his defense." *See Guadarrama*, 570 F. App'x at 366. "[D]ue process 'does not mandate a full-blown hearing every time there is the slimmest evidence of incompetency.'" *Flores-Martinez*, 677 F.3d at 707 (quoting *Curry v. Estelle*, 531 F.2d 766, 768 (5th Cir. 1976) (per curiam)).

Based on all of the foregoing, the Court finds that Defendant Parker's request for a psychological evaluation must be denied.

An order in accordance with this opinion shall issue this day.

THIS, the _10_ day of March, 2016.

_____
SENIOR U.S. DISTRICT COURT JUDGE